(28 Misc. Rep. 385.)

## In re LYMAN.

(Supreme Court, Special Term, Kings County. July, 1899.)

LIQUOR TAX CERTIFICATE—PROCEEDINGS FOR CANCELLATION.

Where, in a proceeding for the cancellation of a liquor tax certificate, an order to show cause, returnable within 10 days, is served on all the parties named therein except the holder of the certificate, on return day the court has power to adjourn the proceeding as to those served, and to grant a new order on the original papers against the certificate holder, returnable to the day of such adjourned hearing, when not more than 10 days thereafter.

Petition of Henry H. Lyman for cancellation of a liquor tax certificate issued to Edward Maloney. Granted.

Alfred R. Page, for petitioner.
Pink & Caldwell, for respondent.

MADDOX, J. The order of December 27, 1898, required the persons and corporation therein named to show cause on January 6, 1899, why an order should not be made revoking the liquor tax certificate described therein, and, service having been duly made on Michell and the Congress Brewing Company prior to such return day, but not on Maloney, the proceeding was, as to Michell and said company, on such return day adjourned to January 16th, and an order made "that the return day of the annexed order [of December 27th] be extended to January 16, 1899, at the same time and place as therein specified, and that the said Edward Maloney be required on such date to show cause why the relief therein demanded should not be granted." The return day of the order of December 27th "was not more than 10 days from the granting thereof" (Laws 1896, c. 112, § 28), nor was the return day of the order of January 6th. Having jurisdiction of all but Maloney, the court, as to those served, had power to adjourn the proceeding. Indeed, no objection was made by the counsel for the brewing company, who was then present. The order granted on January 6th was made upon the petition and all the papers used on the application, and required Maloney to show cause on such date—the adjourned day, January 16th—why the relief demanded should not be granted. Moser v. Scheib, 16 App. Div. 379, 44 N. Y. Supp. 1124, is very different from this case, for the return day was 15 days after the granting of the order. There is no merit in the objection. The motion is granted.

Motion granted.